**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Limitless Limo, LLC,

Plaintiff,

v.

Marcos Colmenares d/b/a Party Bus Conversions by Marcos,

Defendant.

Case No. 2:25-cv-521
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

Opinion and Order

Plaintiff Limitless Limo, LLC, brings this diversity action for breach of contract against defendant Marcos Colmenares d/b/a Party Bus Conversions by Marcos. Plaintiff alleges that it entered into an agreement with defendant to perform customization work on three large vehicles owned by Plaintiff. Plaintiff paid $90,000 in advance to defendant. According to Plaintiff, the work on two of the vehicles was done so poorly that it breached defendant's implied contractual obligation to perform in a workmanlike manner. The work on the third vehicle was not performed, and plaintiff incurred additional costs to have the work done elsewhere.

This matter is before the Court on plaintiff's motion for default judgment and an award of damages.

## I. Background

### A. Factual Allegations

Plaintiff is an Ohio limited liability company which operates for-hire passenger transportation services. Defendant is a resident of Las Vegas, Nevada who holds himself out as operating a business that converts vehicles into multi-passenger party buses.

In December 2023, plaintiff contracted with defendant to customize three large vehicles. Each would cost $35,000, and plaintiff advanced $90,000 to defendant. The three vehicles contained twenty pairs of seats which had a resale value of about $20,000. Plaintiff gave defendant authority to sell the seats on its behalf, in exchange for a commission, or, if defendant could not sell the seats, plaintiff would send a truck to pick them up.

Plaintiff received two vehicles back in March and April 2024. Plaintiff alleges that both vehicles exhibited poor workmanship. It is unclear what plaintiff may have paid a third party vendor to have the work on the first two vehicles completed, but plaintiff is not seeking the cost of cover for them.

When defendant failed to perform work on the third vehicle after many delays, plaintiff demanded release of the vehicle in September 2024. Plaintiff sent a representative to pick up the vehicle, at a cost of $905. Using a third party vendor to complete the customization work on the third vehicle cost $57,000.

Plaintiff alleges that it lost revenue in the amount of $77,500 because of delays and the time periods in which the vehicles spent being repaired or completed by third party vendors.

Plaintiff has supported its allegations with an affidavit of Justin Boren, a member of plaintiff. *See* Doc. 10-1.

### B. Procedural History

Plaintiff brought this suit for breach of contract, conversion, and fraud. Following the filing of the complaint, defendant executed service of the summons and complaint on June 13, 2025. Defendant failed to file an answer or other responsive pleading, and plaintiff moved for an entry of default under Federal Rule of Civil Procedure 55(a), which the Clerk of Court granted on September 3, 2025.

Plaintiff filed a motion for default judgment, which (along with the complaint) includes evidentiary materials relating to the amount of plaintiff's damages. Plaintiff has served defendant with the motion for default judgment. Defendant has not responded to the motion.

## II. Discussion

### A. Liability and Damages

In examining a motion for default judgment under Fed. R. Civ. P. 55(b)(2), the court accepts as true plaintiff's well-pled allegations as to defendants' liability. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). The court reviews "the pleadings as a whole to determine whether a 'sufficient basis' exists entitling Plaintiff to judgment pursuant to Rule 55(b)." *United States v. Allen*, No. 2:12-CV-1034, 2014 WL 5305518, at *2 (S.D. Ohio Oct. 15, 2014) (quoting *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Plaintiff's allegations are sufficient to establish a basis for liability as to the breach of contract claim. Under Ohio law, the elements of a claim for breach of contract are: (1) the existence of a

binding agreement; (2) the non-breaching party's performance of its contractual obligations; (3) the other party's failure to fulfill its contractual obligations without legal excuse; and (4) damages suffered by the non-breaching party as a result of that failure. *Lawrence v. Lorain Cnty. Cmty. Coll.*, 127 Ohio App. 3d 546, 548-49, 713 N.E.2d 478, 480 (Ohio Ct. App. 1998).

The complaint alleges that the parties entered into an agreement to perform custom conversions on three vehicles. The terms of the agreement (except a time period for performance) are reflected in the invoice attached to the complaint and are consistent with the complaint's allegations. *See* Doc. 1-3. Plaintiff performed its obligations by advancing $90,000 and delivering the vehicles to defendant. Defendant breached by not performing the conversions in a workmanlike manner. *See*, *e.g.*, *Morris v. Gedraitis*, 2023-Ohio-2317, ¶ 68, 221 N.E.3d 182, 198 (Ohio Ct. App.) (implied duty to perform in a workmanlike manner).

Plaintiffs have proved its entitlement to the requested damages with reasonable certainty, but with one exception. It paid $90,000 for work that was not performed in satisfaction of defendant's contractual obligations. It also suffered incidental damages of $905 to pick up the third vehicle, and consequential damages of $77,500 in lost revenue. *See* O.R.C. §§ 1302.86, 1302.89 (authorizing incidental and consequential damages). The Court, however, declines to award the full amount of $57,000 which plaintiff spent to complete the third vehicle's customization. The buyer is entitled to recover "as damages the difference between the cost of cover and the contract price together with any incidental or consequential damages." O.R.C. § 1302.86(B); *see also Doner v. Snapp*, 98 Ohio App.3d 597, 602, 649 N.E.2d 42, 45 (1994). Awarding the full $57,000 would represent a double recovery of sorts. *See Brads v. First Baptist Church of Germantown, Ohio*, 89 Ohio App.3d 328, 339, 624 N.E.2d 737, 745 (1993) ("[R]ecovery is limited to the loss [plaintiff] has actually suffered by reason of the breach, and he is not entitled to be placed in a better position than he would have been in had the breach not occurred.") (citing 22 American Jurisprudence 2d (1988) 68, Damages, Section 45)). Thus, plaintiff is awarded $22,000 ($57,000 minus the $35,000 contract price) for the cost of cover.

Plaintiff also brings a cause of action for conversion with respect to the twenty pairs of seats which defendant removed from plaintiff's vehicles. The tort of conversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner or wrongful withholding of property from the owner's possession. *See Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (Ohio 1990). The elements of conversion are: (1) plaintiff had ownership or right of possession of the property at the time of conversion; (2) the defendant's conversion by a wrongful act or disposition of plaintiff's property or property rights; and (3) damages. *See RAE Assocs., Inc. v. Nexus*

*Commcns, Inc.*, 2015-Ohio-2166, ¶ 30, 36 N.E.3d 757, 765 (Ohio Ct. App.). Here, plaintiff has sufficiently satisfied these elements. Plaintiff has demonstrated that defendant withheld seats belonging to plaintiff and never returned them. Plaintiff suffered damages of $20,000.

Plaintiff also asserts a claim for fraud in the inducement. However, a tort claim for fraud cannot duplicate a breach of contract claim. *See Cunningham Prop. Mgmt. Tr. v. Ascent Res. - Utica, LLC*, 351 F.Supp.3d 1056, 1067 (S.D. Ohio 2018). "A tort claim based upon the same actions [as] those upon which a claim upon contract breach is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." *Telxon Corp. v. Smart Media of Delaware, Inc.*, 2005-Ohio-4931, ¶ 34, 2005 WL 2292800 (Ohio Ct. App.).

Here, plaintiff has not established wrongdoing apart from the conduct which establishes a breach of contract. The alleged false representations (that the work would be performed and would be completed within a certain timeframe) relate to the same matters on which the breach of contract claim is based. Accordingly, the Court declines to award attorney's fees, which was the item of damages that was particular to the fraud claim.

In sum, with respect to contract and conversion damages, the Court finds that plaintiff is entitled to the following damages:

- $90,000.00 in advances paid for unperformed services under the contract;
- $905.00 in incidental damages;
- $77,500.00 in lost revenue;
- $22,000.00 for the cost of cover;
- $20,000.00 for seats wrongfully retained by defendant.

These amounts total $210,405.00 in damages.

**B. Prejudgment Interest**

Plaintiff also seeks an award of prejudgment interest. Under O.R.C. § 1343.03(A), a contract creditor is entitled to prejudgment interest. *See Elderlite Exp., Inc. v. Capitol City Trailers, Inc.*, No. 2:06-cv-737, 2009 WL 891762, at *5 (S.D. Ohio Mar. 31, 2009).

Plaintiff asserts that prejudgment interest should begin from the date on which the parties entered into the contract, December 7, 2023. The Court disagrees. In a breach of contract case, the "award of prejudgment interest is compensation to the plaintiff for the period of time between accrual of the claim and judgment." *Royal Elec. Constr. Corp. v. Ohio State Univ.*, 73 Ohio St. 3d 110, 117, 652 N.E.2d 687, 692 (Ohio 1995).

Neither the invoice nor the affidavit state a time period in which performance was due. The Court nonetheless finds that plaintiff has established that the breaches occurred no later than September 2024. This is the point at which all three vehicles were back in plaintiff's possession but defendant had failed to perform the customizations in a workmanlike manner. The Court thus selects October 1, 2024 as the date on which prejudgment interest begins.

Under O.R.C. §§ 1343.03(A) and 5703.47, the rate to be applied to calculate prejudgment interest is determined on an annual basis by the tax commissioner. For 2024 and 2025, that rate was 8.0% per annum, and it is 7.0% for 2026. *See* https://tax.ohio.gov/researcher/interest-rates.

The Court calculates prejudgment interest as follows:

<u>2024</u>
$210,405.00 (damages)
x 0.08 (interest rate)
<u>x 0.248633</u> (91 days from October 1, 2024 to December 31, 2024, divided by 366 days in the year)
$4,185.09 in prejudgment interest

<u>2025</u>
$210,405.00 (damages)
<u>x 0.08</u> (interest rate)
$16,832.40 in prejudgment interest

<u>2026</u>
$210,405.00 (damages)
x 0.07 (interest rate)
<u>x 0.731507</u> (267 days from January 1, 2026 to September 25, 2026, divided by 365 days in the year)
$10,773.89 in prejudgment interest

= **$31,791.38 in total prejudgment interest**

## III. Conclusion

Accordingly, plaintiff's motion for default judgment (Doc. 10) is granted in part as to liability and granted in part as to damages. The Court grants judgment in plaintiff's favor on its breach of

contract and conversion claims in the amount of $210,405.00, plus $31,791.38 in prejudgment interest. The Court dismisses plaintiff's claim for fraud.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: September 25, 2026